13-3563
*Li v. The Asphalt Green, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand fourteen.

PRESENT:   RALPH K. WINTER,
           PIERRE N. LEVAL,
           DENNY CHIN,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LING LI,

                   *Plaintiff-Appellant*,

          -v.-                                              13-3563

THE ASPHALT GREEN, INC., *et al.*,

                   *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Ling Li, *pro se*, Forest Hills, New York.

FOR DEFENDANTS-APPELLEES:     Jason A. Zoldessy, Jackson Lewis P.C., New York, New York.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Ling Li, proceeding *pro se*, appeals from the district court's order and judgment dismissing her complaint and barring her from filing any further actions in the district court without first obtaining leave of court. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**1.     *Dismissal***

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints should be liberally construed, and district courts generally should not dismiss a *pro se* complaint without granting the

plaintiff leave to amend, unless it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine of claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotation marks omitted). The related doctrine of issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.*

Although Li's allegations of discriminatory treatment between 2009 and 2012 are precluded by res judicata, the doctrine does not bar her claims of discriminatory conduct after the filing of her last complaint. Claims that arise after an action has been filed -- and therefore could not have been brought in that action -- "are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same course of conduct." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003) (internal quotation marks and italics omitted). "'While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.'" *Id.* (alteration in original) (quoting

*Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955)).  Thus, Li's claim arising from her failure to be rehired in 2013 is not barred by res judicata.

Nevertheless, we affirm because Li failed to state a claim on which relief may be granted.  *See Adeleke v. United States*, 355 F.3d 144, 147 (2d Cir. 2004) (noting appellate court's ability to "affirm a judgment on any ground that finds support in the record").  Li's allegation of discrimination is based solely on the fact that defendant-appellee The Asphalt Green, Inc. ("Asphalt Green") failed to rehire her in 2013 for the same or similar position that she once had.  She failed to allege any facts from which it could be plausibly inferred that Asphalt Green had a discriminatory motive.  Moreover, Li has not alleged any additional facts on appeal that suggest she could amend her complaint to remedy this problem.

The district court properly determined that Li's claims against defendant-appellee Jeff Dorn were frivolous because her claims of mental sorcery were implausible.

**2.**    *Filing Bar*

We review for abuse of discretion a district court's imposition, as a sanction, of an injunction under the All Writs Act, 28 U.S.C. § 1651, barring plaintiffs from filing further claims without leave of court.  *See United States v. Int'l Bhd. of Teamsters*, 266 F.3d 45, 49 (2d Cir. 2001) (grant of injunction under the All Writs Act reviewed for abuse of discretion); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009)

(decision to impose sanctions reviewed for abuse of discretion). A district court "may not impose a filing injunction on a litigant . . . without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005).

Here, the district court did not abuse its discretion in enjoining Li from filing any further lawsuits without first obtaining leave of court because this was Li's third lawsuit arising from her former employment at Asphalt Green. Moreover, the district court gave Li notice and an opportunity to be heard prior to imposing the filing injunction, and Li submitted a response. The court considered Li's arguments and reasonably determined them to be insufficient.

* * *

We have considered Li's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk